It must therefore be reversed, and judgment directed for the plaintiff upon the verdict, with costs and disbursements of the appeal to the defendant, appellant. All concur.

---

(164 App. Div. 243)

LEVENSON v. NEW YORK, N. H. & H. RY. CO.   (No. 6296.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

ACTION (§ 2*)—CAUSE OF ACTION—ACTS CONSTITUTING.

Where a railroad company contracted with a firm to demolish certain buildings upon its right of way, and the firm contracted with another to do the work, an employé of the second contractor, who was doing the work for the materials in the buildings, cannot recover from the railroad company for damages caused by its demolishing a part of the building in prosecuting the work of laying its track; there being no contractual relation between the parties, and the railroad owing the defendant no duty which it violated.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 10–16; Dec. Dig. § 2.*]

Appeal from Trial Term, New York County.

Action by Morris Levenson against the New York, New Haven & Hartford Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Madison G. Gonterman, of New York City, for appellant.
Abraham Oberstein, of New York City, for respondent.

SCOTT, J.   The defendant, wishing to clear the ground for four-tracking its road in New Haven, made a contract with the firm of Blakeslee & Son to remove a number of buildings. By the contract defendant in form agreed to sell to Blakeslee & Son the specified buildings, with the proviso that said buildings were not to become the property of said Blakeslee & Son until after notice of removal had been given to them. The buildings were to be taken down from time to time on notice from defendant. Blakeslee & Son thereupon made a contract with Cohen & Gingold, by which they undertook to sell the buildings to said Cohen & Gingold, who agreed to remove or destroy them in accordance with the plans and specifications of defendant's contract with Blakeslee & Son, which were attached to the latter's contract with Cohen & Gingold. Cohen & Gingold thereupon employed plaintiff to perform this work under the contract, and in consideration thereof, and as payment for his services, transferred to him all their right, title, and interest in and to the buildings to be removed and the materials. Defendant was not a party to either of these last-mentioned contracts, and never consented to them. About May 1st, or a few days earlier, defendant notified Blakeslee & Son to remove the buildings in question, and he in turn notified plaintiff, who began to work, but was so slow that by May 16th the work was only partially done. The evidence is that 10 days would have been ample time within which to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complete the work. On May 16th, in prosecuting the work of preparing the ground for laying its tracks, defendant demolished a part of the building, which had then been only partially torn down. Later plaintiff completed the work.

We find it difficult to determine upon what theory plaintiff has recovered a judgment. He concedes that no contractual relation existed between himself and defendant, and that he has no cause of action on contract. He claims, somewhat vaguely, to be entitled to recover as for a tort; but that presupposes some duty which defendant owed to him. We can see none. His position was merely that of a workman employed by defendant's contractor to do the work contracted for. Short of the right to be protected from bodily injury, as to which there is no claim, we see no duty which defendant owed to plaintiff, for the breach of which an action will lie.

It follows that the judgment and order appealed from must be reversed, and the complaint dismissed, with costs to the defendant in this court and in the court below. All concur.